## In re Anonymous No. 22 D.B. 76

Disciplinary Board Docket no. 22 D.B. 76.

HENRY, *Board Member,* February 8, 1977— Pursuant to Rule 208(d) of the Pennsylvania Rules of Disciplinary Enforcement (rules), the Disciplinary Board of the Supreme Court of Pennsylvania (board) submits its findings and recommendations

to your honorable court with respect to the above petition for discipline.

## I. HISTORY OF PROCEEDINGS

On November 3, 1975, respondent, was convicted by a jury in the United States District Court for the [ ] District of Pennsylvania on two counts of conspiracy in violation of Act of June 25, 1948, 62 Stat. 701, 18 U.S.C.A. §371. The charges involved a scheme to smuggle Mexican gold into the United States and to transfer counterfeit one hundred dollar federal reserve notes. Respondent was sentenced on May 6, 1976, to three years probation and a $5,000 fine by the Honorable [A]. On May 27, 1976, your honorable court entered an order to no. 125 D.D. no. 1 suspending respondent from practice and referring the matter to this board for institution of formal proceedings.

A petition for discipline was filed by disciplinary counsel on June 14, 1976, setting forth the conviction and alleging that respondent's actions constituted violations of Disciplinary Rules 1-102(A)(3) (illegal conduct involving moral turpitude); 1-102(A)(4) (conduct involving dishonesty, fraud, deceit or misrepresentation); 1-102(A)(5) (conduct prejudicial to the administration of justice); and 1-102(A)(6) (conduct adversely reflecting upon fitness to practice law). The matter was referred to hearing committee [ ] consisting of [ ], chairman, [ ] and [ ]. Hearings were held on July 22 and 28, 1976, at which times respondent was represented by [ ], Esquire. The record remained open until August 24, 1976, for the submission of psychiatric reports by respondent's counsel. On November 17, 1976, the hearing committee filed its report recommending disbarment. No objections

have been filed to the report within the prescribed time and the matter was referred to this board for review and recommendation.

## II. DISCUSSION

Respondent was found guilty of two counts of conspiracy in the United States District Court for the [ ] District of Pennsylvania following a jury trial. The charges arose from a plot by respondent and several other persons to purchase gold pesos in Mexico for substantially less than their "street value" in the United States of more than one and one-half million dollars and to bring them into this country for resale without declaring them. In the course of their negotiations with the Mexican sellers, it developed that they had previously sold coins to other parties in New York who had paid for them with one-half million dollars in counterfeit bills. Respondent and his fellow conspirators agreed to the Mexicans' request to dispose of these bills as well. Unfortunately for respondent, one of the conspirators was an undercover secret service agent. Respondent was sentenced to three years probation and a $5,000 fine.

Rule 214(b) of the Pennsylvania Rules of Disciplinary Enforcement (formerly Rule 17-14(b)) provides that: "A certificate of a conviction of an attorney for such a crime (one punishable by imprisonment for one year or upward) shall be conclusive evidence of the commission of that crime in any disciplinary proceeding instituted against the attorney based upon the conviction." Therefore, the sole question before the hearing committee was to determine what, if any, disciplinary rules were violated by respondent's conduct and to recommend the form of discipline. The hearing committee con-

cluded that respondent's conduct was illegal and involved moral turpitude, involved dishonesty, fraud, deceit or misrepresentation, was prejudicial to the administration of justice, and adversely reflected upon his fitness to practice law in violation of Disciplinary Rules 1-102(A)(3), (4), (5) and (6). It found that respondent was competent to participate intelligently in the proceeding and recommended that he be disbarred. This board accepts the hearing committee's findings of fact and conclusions of law and concurs in its recommendation.

Respondent is 62 years of age, served in the Counterintelligence Corps in World War II and practiced law in [  ]. He has been active in patriotic organizations and there is no record of any previous violations of the code of professional responsibility resulting in formal charges. A number of prominent citizens, including members of the bar, testified on his behalf at his sentencing and before the hearing committee as to his character and reputation. Notwithstanding all of these positive factors, the board is of the opinion that disbarment is the appropriate discipline under the circumstances.

Respondent was convicted of conspiracy to commit two very serious offenses. Substantial sums of money were involved. The conspiratorial activity extended over a period of six months. The testimony indicates that respondent was an active motivating force in this elaborate plot, who stood to share substantially in the anticipated profits. At the time of the sentencing, Judge [A] noted: "I agree with the jury's version that your participation in this conspiracy was purposeful, deliberate, intentional and knowing."

Respondent was represented at sentencing by [  ], Esquire, who asked the court to consider that

respondent would probably be suspended or disbarred. In pronouncing sentence, Judge [A] observed: "So the Court is going to impose a probationary term and it keeps in mind also that [respondent] will lose his principal means of earning a living and that is as a practicing attorney because his license most assuredly will or should be taken from him by reason of his having been convicted of a felony against the United States of America."Respondent's active participation in the abortive scheme to smuggle gold into the United States and to transfer counterfeit bills, seriously undermines the public's confidence in the legal profession and our judicial system. To permit him to continue to practice law under the circumstances would compound the offense. Judge Digges of the Maryland Court of Appeals recently stated:

"Few vocations offer as great a spectrum for good and honorable works as does the legal profession. . . . However, the great privilege of serving in all of these capacities does not come without the concomitant responsibilities of truth, candor and honesty. In fact, it can be said that the presence of these virtues in members of the bar comprises a large portion of the fulcrum upon which the scales of justice rest. Consequently, an attorney's character must remain beyond reproach.

"A court has the duty, since attorneys are its officers, to insist upon the maintenance of the integrity of the bar and to prevent the transgressions of an individual lawyer from bringing its image into disrepute. Disciplinary procedures have been established for this purpose, not for punishment, but rather as a catharsis for the profession and a prophylactic for the public." Maryland State Bar

Association, Inc. v. Agnew, 271 Md. 543, 318 A. 2d 811 (Md. 1974).

Respondent, by his actions, forfeited his privilege to serve the public as an attorney and should be disbarred.

## III. RECOMMENDATION

For the reasons set forth above, the Disciplinary Board recommends to your honorable court that respondent, be disbarred pursuant to Rule 204(1) of the Pennsylvania Rules of Disciplinary Enforcement.

## ORDER

JONES, *C.J.*, — And now, February 28, 1977, the report and recommendations of the Disciplinary Board of the Supreme Court of Pennsylvania, dated February 8, 1977, recommending that pursuant to Rule 204(1) of the Pennsylvania Rules of Disciplinary Enforcement, that respondent of [    ] County, be disbarred from the practice of law in the Commonwealth of Pennsylvania, are hereby approved; and it is ordered, that said respondent, be, and he is hereby disbarred from the bar of the Supreme Court and in all the courts under the supervisory jurisdiction of the Supreme Court of Pennsylvania.